Meredith Holley
Meredith@ErisResolution.com
Law Office of Meredith Holley
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Phone: (458) 221-2671
Fax: (833) 352-3615

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| JOSEPH MCQUILLIN,<br><br>        Plaintiff,<br><br>vs.<br><br>OREGON STATE UNIVERSITY AND LEAH DOROTHY,<br><br>        Defendants. | Case No. 20-CV-2086<br><br>COMPLAINT<br>(FMLA Retaliation, OFLA Retaliation, Title VII Disparate Treatment and/or Wrongful Termination; ORS 659A.030 Disparate Treatment and/or Wrongful Termination; Civil Rights, Equal Protection)<br><br>*Demand for Jury Trial* |

### INTRODUCTION

1.

Oregon State University discharged Plaintiff Joseph McQuillin because he took protected parental leave for the birth of his premature infant twin sons and to care for their illnesses and injuries after their birth.

COMPLAINT – Page 1

## JURISDICTION AND VENUE

2.

This matter arises under federal law, Title VII, 42 U.S.C. 2000e-2. Supplemental jurisdiction over related state law claims is proper under 28 U.S.C. § 1367.

3.

The events underlying Plaintiff's claims took place in Linn County, Oregon, making venue proper in the District of Oregon, Eugene Division.

## PARTIES

4.

Plaintiff Joe McQuillin is a resident of Linn County, Oregon.

5.

Defendant Oregon State University is a public, higher education entity in Oregon.

## FACTUAL ALLEGATIONS

6.

In July 2007, Defendant Oregon State University (Defendant OSU) hired Plaintiff Joseph McQuillin in the Department of University Housing and Dining as a Family Housing Operations Manager.

7.

Throughout Mr. McQuillin's tenure at Defendant OSU, he consistently received merit-based raises and promotions. For example, in November 2008, Defendant OSU gave Mr. McQuillin a raise and promoted him to Operations Manager.

8.

In December 2013, Defendant OSU did a pay equity analysis and discovered that Mr. McQuillin's pay was below the minimum range for his position. He received a 12.52% raise at that time. From January 2014 – January 2017, he received annual merit increases.

9.

In January 2015, Defendant OSU gave Mr. McQuillin the working title "Assistant Director" and received a 5% raise.

10.

On August 30, 2017, Defendant OSU promoted Mr. McQuillin to the position Facilities Maintenance and Custodial Services Manager in the Department of Recreational Sports.

11.

In October 2017, Defendant OSU promoted Mr. McQuillin to the title of Assistant Director of Facilities Maintenance and Custodial Manager. Leah Dorothy was the Director of Recreational Sports.

12.

On March 26, 2018, Mr. McQuillin's wife, who is also an employee of Defendant OSU, posted on social media that she was pregnant and they were having twins.

13.

On March 29, 2018, Mr. McQuillin told the Director Dorothy, that he and his wife were having twins, and he would need to take time off at the end of the year.

14.

On April 2, 2018, Director Dorothy called Mr. McQuillin into her office with his supervisor, Associate Director Bill Callender and Sr. Assistant Director Troy Snow. Director Dorothy instructed Associate Director Callender and Sr. Assistant Director Snow to present Mr. McQuillin with a disciplinary performance plan, and then Director Dorothy left the room. Associate Director Callender appeared confused and later said he did not know why Mr. McQuillin was being disciplined.

15.

On April 6, 2018, Mr. McQuillin responded to the performance plan, illustrating that he was meeting the criteria of the plan and asking clarifying about places the plan appeared to be vague and not measurable.

16.

On April 19, 2018, Director Dorothy told Mr. McQuillin the performance plan was being rescinded.

17.

On May 21, 2018, OSU renewed Mr. McQuillin's position for the year.

18.

On August 13, 2018, Mr. McQuillin's wife went into early labor. Their twins were born prematurely and needed extensive medical care. They were admitted to the Natal Intensive Care Unit for weeks and Mr. McQuillin's wife required extended medical care.

19.

On August 17, 2018, Mr. McQuillin filed for protected medical leave. Defendant OSU's Human Resources Department approved the leave. Mr. McQuillin communicated with his supervisor, Associate Director Callender, about the birth of his sons and the medical complications.

20.

On November 7, 2018, Mr. McQuillin's sons still needed ongoing care, and he filed for sick child leave. Defendant OSU approved that leave. Mr. McQuillin again communicated with Associate Director Callender regarding his need for ongoing leave.

21.

On January 9, 2019, Mr. McQuillin returned to work. That day, Associate Director Callendar told Mr. McQuillin that his protected medical leave had "left people in the lurch" and "people in the department didn't know what to make of" his absence. Associate Director Callender said someone

asked him why Mr. McQuillin was gone, and he told them he "wasn't sure." Associate Director Callender knew that Mr. McQuillin was on protected leave because of the birth of his sons.

22.

That day, Associate Director Callender told Mr. McQuillin that Director Dorothy was stripping him of his supervisory duties and removing him from the Team of Directors. This appeared to be in retaliation for Mr. McQuillin's need to take family leave.

23.

In May 2019, Director Dorothy formally promoted one of Mr. McQuillin's six direct reports to supervise the other five that she had removed from Mr. McQuillin's supervision.

24.

On June 13, 2019, Bill Callender told Mr. McQuillin that Director Dorthy was discharging him. Mr. McQuillin was the only Assistant Director not on the Team of Directors and he was the only employee Director Dorothy discharged at that time in the Department of Recreational Sports.

**FIRST CLAIM FOR RELIEF**
**29 U.S.C. § 2601 ET SEQ – FAMILY MEDICAL LEAVE RETALIATION**
**(AGAINST DEFENDANT OSU)**

25.

Plaintiff repeats and realleges paragraphs 1-24 as though fully set forth.

26.

Defendant retaliated against Plaintiff for taking protected medical leave, in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, in one or more of the following:

a. Telling Plaintiff that his medical leave "left people in the lurch," and that people "didn't know what to make of" his medical leave, discouraging him from taking further protected leave;

b. Removing Plaintiff's supervisory duties because he took medical leave;

    c.  Removing Plaintiff from the Team of Directors because he took medical leave; and/or

    d.  Discharging Plaintiff.

27.

Defendant's violations caused Plaintiff's wage loss from his discharge.

28.

Plaintiff is entitled to reasonable attorney fees and costs under 29 U.S.C. § 2617, to be determined by the court.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. 2000E – DISPARATE TREATMENT, WRONGFUL TERMINATION**
**(AGAINST DEFENDANT OSU)**

29.

Plaintiff repeats and realleges paragraphs 1-28 as though fully set forth.

30.

Defendant retaliated against Plaintiff for taking protected parental leave because he is a man and a father, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, in one or more of the following:

    e.  Telling Plaintiff that his medical leave "left people in the lurch," and that people "didn't know what to make of" his medical leave, discouraging him from taking further protected leave because he was a man, when it did not treat women taking parental leave as though their leave was confusing;

    f.  Removing Plaintiff's supervisory duties because he was a father taking medical leave, when it did not remove supervisory duties from mothers taking medical leave;

    g.  Removing Plaintiff from the Team of Directors because he took medical leave, when it did not remove women from directory levels because they needed to take medical leave; and/or

    h.  Discharging Plaintiff because he was a father taking parental leave.

31.

Defendant's violations caused Plaintiff's wage loss from his discharge.

32.

Title VII, 42 U.S.C. 2000e-2, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

**THIRD CLAIM FOR RELIEF**
**ORS 659A.112 – OREGON FAMILY LEAVE RETALIATION**
**(AGAINST DEFENDANT OSU)**

33.

Plaintiff repeats and realleges paragraphs 1-32 as though fully set forth.

34.

Defendant retaliated against Plaintiff for taking protected medical leave, in violation of the Oregon Family Leave Act, ORS 103, *et seq.*, in one or more of the following:

i. Telling Plaintiff that his medical leave "left people in the lurch," and that people "didn't know what to make of" his medical leave, discouraging him from taking further protected leave;

j. Removing Plaintiff's supervisory duties because he took medical leave;

k. Removing Plaintiff from the Team of Directors because he took medical leave; and/or

l. Discharging Plaintiff.

35.

Defendant's violations caused Plaintiff's wage loss from his discharge.

36.

Plaintiff is entitled to reasonable attorney fees and costs under ORS 659A.885, to be determined by the court.

## FOURTH CLAIM FOR RELIEF
## ORS 659A.030 – DISPARATE TREATMENT, WRONGFUL TERMINATION
## (AGAINST DEFENDANT OSU)

37.

Plaintiff repeats and realleges paragraphs 1-36 as though fully set forth.

38.

Defendant retaliated against Plaintiff for taking protected parental leave because he is a man and a father, in violation of ORS 659A.030, in one or more of the following:

m. Telling Plaintiff that his medical leave "left people in the lurch," and that people "didn't know what to make of" his medical leave, discouraging him from taking further protected leave because he was a man, when it did not treat women taking parental leave as though their leave was confusing;

n. Removing Plaintiff's supervisory duties because he was a father taking medical leave, when it did not remove supervisory duties from mothers taking medical leave;

o. Removing Plaintiff from the Team of Directors because he took medical leave, when it did not remove women from directory levels because they needed to take medical leave; and/or

p. Discharging Plaintiff because he was a father taking parental leave.

39.

Defendant's violations caused Plaintiff's wage loss from his discharge.

40.

Plaintiff is entitled to reasonable attorney fees and costs under ORS 659A.885, to be determined by the court.

## FIFTH CLAIM FOR RELIEF
## 42 U.S.C. § 1983:
## VIOLATION OF FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE
## (AGAINST BOTH DEFENDANTS)

41.

Plaintiff repeats and re-alleges paragraphs 1-40 as though fully set forth.

COMPLAINT – Page 8

42.

At all material times Defendant Dorothy was individually acting under color of state law and within the scope of her employment with Defendant OSU.

43.

At all material times, Defendant Dorothy was acting according policy statement, ordinance, regulation, or decision officially adopted or promulgated by Defendant OSU. Defendant OSU ratified Defendant Dorothy's decision to discharge Plaintiff.

44.

The actions of the Defendants, in maintaining policies and/or procedures that result in treating fathers differently than mothers related to care of children and in discharge of fathers, like and including Plaintiff, and in actually discharging Plaintiff, disparately impacts fathers, including Plaintiff, because of their gender in violation of the right to equal protection secured by the Fourteenth Amendment.

45.

Under 42 U.S.C. 1983, Plaintiff is entitled to an award of compensatory damages in an amount to be proved at trial for damages reflecting her financial harms and the mental and emotional suffering she has experienced, and is still experiencing, as a direct and natural result of Defendants' violation of her civil rights.

46.

Under 42 U.S.C. § 1988, Plaintiff is entitled to reasonable attorney fees and costs to be determined by the court.

_____

WHEREFORE, Plaintiff Joseph McQuillin prays for judgment against Defendants as follows:

a. Economic damages in the form of expenses and lost income in an amount to be determined at trial, and prejudgment interest thereon;

b. Fair and reasonable compensatory damages to be determined at the time of trial; and

c. Reasonable attorney fees and costs incurred herein under 29 U.S.C. § 2617, 42 U.S.C. 2000e-2, ORS 659A.885, and/or 42 U.S.C. § 1988.

DATED this 2nd day of December, 2020.

_____
Meredith Holley, OSB #125647
Meredith@ErisResolution.com
LAW OFFICE OF MEREDITH HOLLEY
207 E 5th Avenue, Suite 254
Eugene, OR 97401
Telephone: (458) 221-2671
Fax: (833) 352-3615
Attorney for Plaintiff